**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CHAYA-SARAH SAKS, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>ANDREU, PALMA, LAVIN, & SOLIS, PLLC; MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendants. | Civil Action No: 1:24-cv-2045<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chaya-Sarah Saks ("Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Andreu, Palma, Lavin, & Solis, PLLC ("APLS" or "Defendant APLS"), and Defendant Midland Credit Management, Inc. ("MCM" or "Defendant MCM") (collectively referred to as "Defendants"), individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of

1

debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action pursuant to § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9.      Defendant APLS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), and can be served c/o Juan G. Andreu, Esq. located at 815 NW 57 Avenue, Suite 401, Miami, FL 33126.

10.     Defendant MCM is a "creditor" as the phrase is defined in 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g), and can be served in New York c/o Corporation Service Company located at 80 State Street, Albany, NY 12207.

11.     Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

   a.     All individuals with addresses in the State of New York;

   b.     Who received a lawsuit filed on behalf of Defendant MCM;

   c.     Which lawsuit was filed in a jurisdiction where the Plaintiff is neither a current resident of nor where the agreement was executed,

   d.     which events took place on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

14.     The identities of all Class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

15.     Excluded from the class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant APLS' filing, similar in form to that attached as Exhibit A, violates 15 U.S.C. §§ 1692d, 1692e, and 1692f.

17.     Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor her attorneys, have any interests that might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

   a.     **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b.     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' filing, in the form attached as Exhibit A, violates 15 U.S.C. §§ 1692d, 1692e, and 1692f.

4

c.    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor her counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint numbered 1 through 20 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22.    At some time prior to March 5, 2024, Plaintiff allegedly incurred an obligation with Comenity Bank ("Comenity").

23.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24.    The alleged Comenity obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

25.    The alleged debt was thereafter acquired once in default by Defendant MCM ("MCM"), therefore MCM is a debt collector.

26.    Upon information and belief, MCM contracted with Defendant APLS to collect the alleged debt.

27.    APLS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violation – March 5, 2024 Lawsuit*

28.    On or around March 5, 2024, APLS filed a Complaint on behalf of MCM in Palm Beach County Court in Florida. See "Complaint" attached hereto as Exhibit A.

29.    Within the General Allegations of the Complaint, the venue is alleged proper because Plaintiff is a resident of that county and/or the subject agreement was executed in that county.

30.    The Plaintiff does not currently live in Palm Beach County, Florida.

6

31.    The Plaintiff did not execute the subject agreement in Palm Beach County, Florida.

32.    Furthermore, Defendant APLS includes in the Complaint (Exhibit A) account statements that Comenity sent to Plaintiff and the address on those statements is in the State of New York.

33.    This address in New York is where Plaintiff resided when the account was opened and furthermore where all the billing statements were sent by Comenity.

34.    The statement regarding proper venue written in the filed Complaint by Defendant is utterly false on its face yet was submitted in a court of law by an attorney.

35.    Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

36.    The Defendants knowingly made a false representation to the Court in an attempt to select a venue of their choosing and restrict Plaintiff's right to contest the lawsuit.

37.    Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

38.    Defendants knew or should have known that General Allegation #2 of the Complaint was a material misrepresentation to the Court.

39.    Accordingly, Defendants violated 15 U.S.C. § 1692e when it made a misrepresentation regarding the Plaintiff's residency in the Complaint.

40.    Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

7

41. Defendants acted unfairly and unconscionably by making a material misrepresentation in the Complaint that was filed with the Court in violation of 15 U.S.C. § 1692f.

42. Thus, Defendants violated multiple provisions of the FDCPA.

43. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

44. The harms caused by Defendants have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

45. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

46. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

47. Defendants' conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

48. Defendants' violations were knowing, willful, negligent, and/or intentional, and Defendants did not maintain policies and procedures reasonably adapted to avoid any such violations.

49. Defendants' collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

50. Defendants' conduct with respect to its collection efforts were material in that the same affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts.

51.     Plaintiff has no ability to defend a lawsuit in a county let alone a state she does not reside in.

52.     Defendants' communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

53.     Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

54.     Defendants' collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

55.     In reliance on Defendants' conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

56.     Plaintiff has suffered extreme emotional harm from the lawsuit being filed in a venue she cannot defend herself.

57.     Furthermore, the Plaintiff has suffered extreme embarrassment by the lawsuit being served on a residence that is not hers.

58.     Based on Defendants' failure to comply with the FDCPA, Plaintiff expended time, money, and resources to determine how to respond to Defendants' debt collection activities.

59.     As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

60.     Plaintiff repeats the allegations contained in the above paragraphs as if set forth herein.

61.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

62.     Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

63.     Defendants violated §1692d:

    a.   By knowingly making a false representation to the Court in the filed Complaint against Plaintiff; and/or

    b.   By willfully using false information when filing the Complaint with the Court to select a venue of their choosing that would not allow for Plaintiff to defend herself;

64.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

65.     Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

66.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

68. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

69. Thus, Defendant violated 15 U.S.C. § 1692e:

a. By deceptively misrepresenting the Plaintiff's residency or the county of the agreement execution in the filed Complaint;

b. By knowingly making a false representation in the filed Complaint; and

c. By failing to maintain policies and procedures to avoid making misrepresentations to the Court when filing a Complaint.

70. By reason thereof, Defendants are liable to Plaintiff and the Class for judgment in that Defendants' conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f *et seq.*

71. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

72. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. § 1692f, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

74. Thus, Defendants violated 15 U.S.C. § 1692f:

a. By unfairly and unconscionably infringing on Plaintiff's rights to dispute the debt by filing a collection Complaint in a county that is foreign to Plaintiff;

b. By knowingly and willfully making a false representation to the Court in the Complaint;

c. By failing to maintain policies and procedures to avoid making misrepresentations to the Court when filing a Complaint.

75. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chaya-Sarah Saks, individually and on behalf of all other similarly situated, demands judgment from the Defendants as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3.    Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4.    Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5.    Providing declaratory relief for the Plaintiff and the Class by stating that the Defendants violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6.    Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated:  March 20, 2024

Respectfully submitted,
**STEIN SAKS, PLLC**
*/s/ Rami M. Salim*
By: Rami M. Salim, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
rsalim@steinsakslegal.com
*Counsel for Plaintiff Chaya-Sarah Saks*